IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JTP RECOVERY SERVICES, INC., d/b/a JTP & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> HILTI, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES <br><br> Case No. 2:19-cv-00738-JNP <br><br> District Judge Jill N. Parrish |

Before the court is a motion brought by Defendant Hilti, Inc. ("Hilti") requesting an award of attorneys' fees pursuant to a contractual provision. [ECF No. 67]. The court GRANTS the motion for fees.

## BACKGROUND

Plaintiff JTP Recovery Services, Inc. ("JTP") sued Hilti for breach of contract and breach of the covenant of good faith and fair dealing. Hilti had entered into a Preliminary Evaluation and Non-Disclosure Agreement ("Agreement") with JTP pursuant to which the parties exchanged information for the purpose of determining whether Hilti would retain JTP to perform an audit to assist in reducing JTP's credit card processing expenses. The court granted summary judgment in favor of Hilti on both the breach of contract and breach of the implied covenant of good faith and fair dealing claims. [J., ECF No. 66].

The Agreement contained a "Litigation Expenses" clause. It provides:

> 12.    <u>Litigation Expenses</u>.
>
> If any legal action or other proceeding is brought under this Agreement, in addition to any other relief to which the successful or prevailing party or parties (the "Prevailing Party") is entitled, the Prevailing Party is entitled to recover, and the non-Prevailing Party shall pay, all reasonable attorneys' fees of the Prevailing Party, court costs, and expenses, even if not recoverable by law as court costs (including, without limitation, all fees, taxes, costs and expenses incident to, appellate, bankruptcy and post-judgment proceedings), incurred in that action or proceeding and all appellate proceedings. For purposes of this Section, the term "attorneys' fees" includes, without limitation, paralegal fees, investigative fees, expert witness fees, administrative costs, disbursements, and all other charges billed by the attorney to the Prevailing Party.

Hilti requests $97,725.50 in attorneys' fees and $2,389.70 in expenses. [Def.'s Mot. at 2, ECF No. 67]. Hilti provided detailed records of the expenses incurred in defending this lawsuit [Ex. L, Expense Summary, ECF No. 67-12], the work its attorneys performed, and the number of hours and costs associated with the work. [Ex. K, Billing Summary, ECF No. 67-11]. JTP does not oppose Hilti's Motion for Attorneys' Fees. [ECF No. 68].

## LEGAL STANDARD

After a judgment has been entered, a party may move for attorneys' fees and costs under rule 54(d). FED. R. CIV. P. 54(d). "Attorney fees are typically recoverable only if an applicable statute or contract so provides." *Mrs. Fields Franchising, LLC v. MFGPC, Inc.*, No. 2:15-cv-00094-DAK, 2021 WL 5086377 at *4 (D. Utah Nov 2, 2021). "When a contract . . . provides for attorney fees, such fees are only allowable per the terms of the contract." *Id.* (internal citation omitted). Once a party has established the right to attorneys' fees, the court must determine if the fee award is reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "An award of attorney fees must be supported by evidence in the record," which "should include the

2

hours spent on the case, the hourly rate or rates charged for those hours, and usual and customary rates for such work." *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1241 (10th Cir. 2018) (internal citations omitted). "A district court should approach this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." *Robinson*, 160 F.3d at 1281 (internal citation omitted).

## ANALYSIS

Hilti is entitled to recover reasonable attorneys' fees and expenses under the Litigation Expenses clause of the Agreement. The clause provides in relevant part that "the Prevailing Party is entitled to recover . . . all reasonable attorneys' fees, . . . court costs, and expenses." [Ex. A, Agreement, ECF No. 66-1]. Because the court granted summary judgment in Hilti's favor on both of its claims for breach, Hilti is the prevailing party. [J., ECF No. 66].

The court is persuaded that Hilti's requests of $97,725.50 for attorneys' fees and $2,389.70 for expenses are reasonable. In determining whether a fee award is reasonable, Utah courts consider:

> [T]he difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

*Dixie State Bank v. Bracken*, 764 P.2d 985, 989 (Utah 1988).

After careful review of the billing and expense records submitted by Hilti's attorneys, the court concludes that the requested attorneys' fees and expenses are reasonable given the work necessary to defend the claims in this case. The case involved discovery requests and depositions that required significant preparation. [Def.'s Mot. at 4, ECF No. 66]. Counsel's fees were less than $350 per hour, which is a reasonable rate for Salt Lake City. *See Waas v. Red Ledges Land*

3

*Development, Inc.*, No. 2:20-cv-00580-TC-DBP, 2022 WL 35717, at *4 (D. Utah Nov. 2, 2021) (holding that $650 was a reasonable hourly rate for partners to bill in Salt Lake City). Finally, JTP does not oppose Hilti's motion for attorneys' fees.

## CONCLUSION AND ORDER

The court orders as follows:

(1) The court GRANTS Hilti's motion for attorneys' fees.

DATED November 15, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge